## TRIMBLE v. TRIMBLE.

DIVORCE: ALIMONY.

*Appeal from Scott Circuit Court.*

WEDNESDAY, APRIL 21.

THIS is a proceeding in equity for a divorce and alimony, on the ground of cruel and inhuman treatment of the wife by the husband. The Circuit Court granted the divorce, and allowed the wife as alimony eighty acres of land in fee including the homestead, valued at $2,500, one-half the household furniture, one cow, two sows, ten pigs, fifty bushels corn, fifty bushels of wheat and one hundred dollars in money or good notes, together valued at $275, and also adjudged the defendant to pay the costs, and plaintiff's attorneys fee of $100. The defendant appeals from the order or judgment so far as it respects alimony.

*Cook, Richman & Bruning*, for appellant.

*Bills & Block*, for appellee.

COLE, J.—No question is made respecting the right of plaintiff to a divorce. The appellant only complains of the allowance for alimony, and especially of the allowance to plaintiff of the eighty acres of real estate embracing the homestead. The plaintiff is fifty-five years old, and the defendant is forty-four. They had lived together as husband and wife for about twenty-four years. The testimony does not disclose any difficulty between them until that which led to their separation, and in that the husband was very grossly in the wrong.

It is shown that the defendant owns two forty-acre tracts of land, beside the homestead, lying near that, but separate from each other, valued at $1,700; that he owns furniture, stock and crop valued at about $800, and has notes, etc., worth $900. In this estimate the property is valued very low, and it probably is not an over estimate, to say that he is worth about $6,000, the fruit of their joint labors, less about $500, of indebtedness.

The counsel for appellant insist that real property cannot properly be given in fee to the wife as alimony. We think the rule is otherwise in this State. See the various cases briefly reviewed in *Zuver v. Zuver*, 36 Iowa, 190; see also *Cochran v. Cochran*, 35 Iowa, 477. But under the circumstances of the parties in this case, we are satisfied that their respective interests will be best promoted by allowing the wife a proper alimony in money. And in view of the unpalliated wrong of the husband we fix the amount at $2,500. Some of the circumstances of the parties may be briefly stated. The husband is much the youngest and can make the farm more available; it is in condition as to stock, crop and arrangements for successful management by him, while, with the small share of stock and crop allotted the wife, and her more advanced age, she could not make it as profitable or available as its

value in money; the detached forties have no residence on them, and are only partially improved and unfit for a farm by themselves alone. They have no children. The value of their household furniture is fixed at $100. This shall be appraised, article by article, and the wife may select one-half in value thereof to be hers absolutely. The $2,500 shall be paid as follows: $500 on June 1, 1875, and $400 each year for the next five years, payable January 1, with ten per cent interest from January 1, 1875, payable semi-annually, July 1 and January 1, each year. The defendant will pay the costs and the $100 attorney's fee to plaintiff's attorneys. This alimony is in full for dower; and is a lien upon all of defendant's real estate, and if not paid at maturity, as above, may be enforced by execution.

MODIFIED AND AFFIRMED.